AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL Docket No. 1699 |
| This document relates to | ) | CASE NO. 3:07-cv-02630-CRB |
| DETREA ROBINSON, | ) ) ) | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, and G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), | ) ) ) ) | |
| Defendants. | ) ) | |

*Gordon & Rees,LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1     NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2 "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3 ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint

4 ("Complaint"), and would respectfully show the Court as follows:

5<br>
**I.**

6<br>
**PRELIMINARY STATEMENT**

7     The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8 Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9 generally.    Defendants may seek leave to amend this Answer when discovery reveals the

10 specific time periods in which Plaintiff was prescribed and used Celebrex®.

11<br>
**II.**

12<br>
**ANSWER**

13     Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14 Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

15 that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain periods

16 of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

17 prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18 with their approval by the FDA.    Defendants admit that, during certain periods of time,

19 Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20 promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21 providers who are by law authorized to prescribe drugs in accordance with their approval by the

22 FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23 with its FDA-approved prescribing information.  Defendants state that the potential effects of

24 Celebrex® were and are adequately described in its FDA-approved prescribing information,

25 which was at all times adequate and comported with applicable standards of care and law.

26 Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27 and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Hawaii, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Texas and California, to be prescribed by healthcare

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  providers who are by law authorized to prescribe drugs in accordance with their approval by the

2  FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  5.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

5  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

6  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

7  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

8  Celebrex® in the United States to be prescribed by healthcare providers who are by law

9  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

10  that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

11  and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

12  paragraph of the Complaint.

13  6.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18  Celebrex® in the United States to be prescribed by healthcare providers who are by law

19  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

20  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

21  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

22  adequately described in its FDA-approved prescribing information, which was at all times

23  adequate and comported with applicable standards of care and law.  Defendants deny any

24  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25  7.    Defendants state that the allegations in this paragraph of the Complaint regarding

26  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

28  the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Response to Allegations Regarding Jurisdiction and Venue

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny committing a tort in the State of Arkansas or the State of California and deny the remaining allegations in this paragraph of the Complaint.

10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Texas and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Texas and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.   Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the States of Texas, Arkansas, or California and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

11.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants

1   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

2   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

3   Panel on Multidistrict Litigation on September 6, 2005.

4                            **Response to Factual Allegations**

5   12.      Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

8   paragraph of the Complaint.

9   13.      Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

11  condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state

12  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

13  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

14  adequately described in its FDA-approved prescribing information, which was at all times

15  adequate and comported with applicable standards of care and law.  Defendants deny that

16  Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

17  paragraph of the Complaint.

18  14.      Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21  effective when used in accordance with its FDA-approved prescribing information.  Defendants

22  state that the potential effects of Celebrex® were and are adequately described in its FDA-

23  approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law.  Defendants deny the remaining allegations in this

25  paragraph of the Complaint.

26  15.      Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  effective when used in accordance with its FDA-approved prescribing information.  Defendants

2  state that the potential effects of Celebrex® were and are adequately described in its FDA-

3  approved prescribing information, which was at all times adequate and comported with

4  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

5  Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

6  paragraph of the Complaint.

7  16.    Defendants are without knowledge or information sufficient to form a belief as to the

8  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9  Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case,

10  Celebrex® was expected to reach users and consumers without substantial change from the

11  time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

12  17.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19  remaining allegations in this paragraph of the Complaint.

20  18.    Defendants state that the allegations in this paragraph of the Complaint regarding

21  aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

22  response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

23  referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the

24  remaining allegations in this paragraph of the Complaint.

25  19.    Defendants state that the allegations in this paragraph of the Complaint are not directed

26  towards Defendants and, therefore, no response is required.  To the extent that a response is

27  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

28  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

2    20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

3    towards Defendants and, therefore, no response is required.  To the extent that a response is

4    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

5    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

6    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

7    21.    Defendants state that the allegations in this paragraph of the Complaint are not directed

8    towards Defendants and, therefore, no response is required.  To the extent that a response is

9    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

10    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

11    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

12    22.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

13    pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

14    required.  To the extent a response is deemed required, Defendants state that, as stated in the

15    FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

16    be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

17    (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

18    cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the proper context for the

19    remaining allegations in this paragraph and Defendants therefore lack sufficient information or

20    knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

21    allegations in this paragraph of the Complaint.

22    23.    Defendants state that the allegations in this paragraph of the Complaint regarding

23    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

24    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

25    the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

26    mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

27    primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

28    humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24. Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

25. Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

3   this paragraph of the Complaint.

4   27.     Defendants state that the referenced article speaks for itself and respectfully refer the

5   Court to the article for its actual language and text.  Any attempt to characterize the article is

6   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

8   this paragraph of the Complaint.

9   28.     Defendants state that the referenced FDA Update speaks for itself and respectfully refer

10  the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

11  FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

12  used in accordance with its FDA-approved prescribing information.  Defendants state that the

13  potential effects of Celebrex® were and are adequately described in its FDA-approved

14  prescribing information, which was at all times adequate and comported with applicable

15  standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

16  Complaint.

17  29.     Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22  the Complaint.

23  30.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

24  on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

25  characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

26  2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

27  and respectfully refer the Court to the study for its actual language and text.  Any attempt to

28  characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the Complaint.

2    31.    Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5    32.    Defendants state that the referenced study speaks for itself and respectfully refer the

6    Court to the study for its actual language and text.  Any attempt to characterize the study is

7    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

8    paragraph of the Complaint.

9    33.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer

10   the Court to the Medical Officer Review for its actual language and text.  Any attempt to

11   characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and

12   deny the remaining allegations in this paragraph of the Complaint.

13   34.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

14   hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

15   language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

16   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17   35.    Defendants state that the referenced articles speak for themselves and respectfully refer

18   the Court to the articles for their actual language and text.  Any attempt to characterize the

19   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

20   refer the Court to the study for its actual language and text.  Any attempt to characterize the

21   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22   36.    Defendants state that the referenced article speaks for itself and respectfully refer the

23   Court to the article for its actual language and text.  Any attempt to characterize the article is

24   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26   37.    Defendants state that the referenced articles speak for themselves and respectfully refer

27   the Court to the articles for their actual language and text.  Any attempt to characterize the

28   articles is denied.    Defendants deny the remaining allegations in this paragraph of the

1  Complaint.

2  38.    Defendants state that the referenced article speaks for itself and respectfully refer the

3  Court to the article for its actual language and text.  Any attempt to characterize the article is

4  denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

5  Court to the study for its actual language and text.  Any attempt to characterize the study is

6  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7  38(a).  Defendants state that the referenced Medical Officer Review speaks for itself and

8  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

9  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

10  allegations in this paragraph of the Complaint.

11  38(b).  Plaintiff fails to provide the proper context for the allegations concerning "Public

12  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

13  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

14  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  38(c).  Defendants state that the referenced article speaks for itself and respectfully refer the

16  Court to the article for its actual language and text.  Any attempt to characterize the article is

17  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

18  paragraph of the Complaint.

19  38(d).  Defendants state that the referenced study speaks for itself and respectfully refer the

20  Court to the study for its actual language and text.  Any attempt to characterize the study is

21  denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public

22  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

23  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

24  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  38(e).  Defendants admit that there was a clinical trial called APC.  Defendants state that the

26  referenced article speaks for itself and respectfully refer the Court to the article for its actual

27  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

38(f).  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38(g).  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38(h).  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38(i).  Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38(j).   Defendants admit that there was a clinical trial called PreSAP.  Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38(k).  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    38(l).  Plaintiff fails to provide the proper context for the allegations in this paragraph of the

2    Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

3    therefore lack sufficient information or knowledge to form a belief as to the truth of such

4    allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

5    themselves and respectfully refer the Court to the studies for their actual language and text.

6    Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

7    this paragraph of the Complaint.

8    39.    Defendants state that the referenced Medical Officer Review speaks for itself and

9    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

10   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

11   allegations in this paragraph of the Complaint.

12   40.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

13   are not directed toward Defendants, and therefore no response is required.  To the extent that a

14   response is deemed required, Plaintiff fails to provide the proper context for the allegations in

15   this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

16   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

17   such allegations and, therefore, deny the same.  Defendants state that the referenced study

18   speaks for itself and respectfully refer the Court to the study for its actual language and text.

19   Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in

20   this paragraph of the Complaint.

21   41.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

22   Complaint are not directed toward Defendants, and therefore no response is required.  To the

23   extent that a response is deemed required, Plaintiff fails to provide the proper context for the

24   allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

25   of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

26   belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

27   referenced study speaks for itself and respectfully refer the Court to the study for its actual

28   language and text.  Any attempt to characterize the study is denied.  Defendants deny the

1    remaining allegations in this paragraph of the Complaint.

2    42.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

3    Complaint are not directed toward Defendants, and therefore no response is required.  To the

4    extent that a response is deemed required, Plaintiff fails to provide the proper context for the

5    allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

6    of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

7    belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

8    referenced study speaks for itself and respectfully refer the Court to the study for its actual

9    language and text.  Any attempt to characterize the study is denied.  Defendants state that the

10    referenced article speaks for itself and respectfully refer the Court to the article for its actual

11    language and text.  Any attempt to characterize the article is denied.  Defendants deny the

12    remaining allegations in this paragraph of the Complaint.

13    43.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14    with its FDA-approved prescribing information.  Defendants deny the allegations in this

15    paragraph of the Complaint.

16    44.    Defendants state that the referenced article speaks for itself and respectfully refer the

17    Court to the article for its actual language and text.  Any attempt to characterize the article is

18    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19    45.    Defendants state that allegations in this paragraph of the Complaint are not directed

20    toward Defendants, and therefore no response is required.  To the extent that a response is

21    deemed required, Defendants state that the referenced article speaks for itself and respectfully

22    refer the Court to the article for its actual language and text.  Any attempt to characterize the

23    article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24    46.    Defendants deny the allegations in this paragraph of the Complaint.

25    47.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants state that the potential effects of

27    Celebrex® were and are adequately described in its FDA-approved prescribing information,

28    which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-02630-CRB

1    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

2    remaining allegations contained in this paragraph of the Complaint.

3    48.    Defendants deny any wrongful conduct and deny the allegations contained in this

4    paragraph of the Complaint.

5    49.    Defendants deny any wrongful conduct and deny the allegations contained in this

6    paragraph of the Complaint.

7    50.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

12   paragraph of the Complaint.

13   51.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information.  Defendants

17   state that the potential effects of Celebrex® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

20   Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

21   the Complaint.

22   52.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

23   Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

24   November 14, 2000.  Defendants state that the referenced letters speak for themselves and

25   respectfully refer the Court to the letters for their actual language and text.  Any attempt to

26   characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

27   of the Complaint.

28   53.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

2   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

3   Defendants deny the remaining allegations in this paragraph of the Complaint.

4   54.    Defendants state that the referenced article speaks for itself and respectfully refer the

5   Court to the article for its actual language and text.  Any attempt to characterize the article is

6   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7   55.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

8   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

9   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

10  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  56.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Celebrex® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

16  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

17  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

19  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

20  United States to be prescribed by healthcare providers who are by law authorized to prescribe

21  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

22  allegations in this paragraph of the Complaint.

23  57.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

28  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

58.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

59.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

2    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

3    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

4    United States to be prescribed by healthcare providers who are by law authorized to prescribe

5    drugs in accordance with their approval by the FDA. Defendants deny the remaining

6    allegations in this paragraph of the Complaint.

7    60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information. Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which at all times was adequate and comported with applicable standards of care and law.

11   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

12   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

13   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

14   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

15   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

16   United States to be prescribed by healthcare providers who are by law authorized to prescribe

17   drugs in accordance with their approval by the FDA. Defendants deny the remaining

18   allegations in this paragraph of the Complaint.

19   61.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information. Defendants state that the potential effects of

21   Celebrex® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24   the Complaint.

25   62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information. Defendants state that the potential effects of

27   Celebrex® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    63.    Defendants deny the allegations in this paragraph of the Complaint.

4    64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10   65.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint.

16   66.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18   Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

19   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

20   paragraph of the Complaint.

21   67.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

26   remaining allegations in this paragraph of the Complaint.

27   68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Celebrex® are and were adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4    the Complaint.

5    69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® are and were adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

10   the study for its actual language and text.  Any attempt to characterize the study is denied.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   70.    Defendants deny any wrongful conduct and deny the remaining allegations in this

14   paragraph of the Complaint.

15   71.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18   effective when used in accordance with its FDA-approved prescribing information.  Defendants

19   state that the potential effects of Celebrex® are and were adequately described in its FDA-

20   approved prescribing information, which was at all times adequate and comported with

21   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22   remaining allegations in this paragraph of the Complaint.

23   **Response to First Cause of Action: Negligence**

24   72.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

25   Complaint as if fully set forth herein.

26   73.    Defendants state that this paragraph of the Complaint contains legal contentions to

27   which no response is required.  To the extent that a response is deemed required, Defendants

28   admit that they had duties as are imposed by law but deny having breached such duties.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

2  FDA-approved prescribing information.    Defendants state that the potential effects of

3  Celebrex® were and are adequately described in its FDA-approved prescribing information,

4  which was at all times adequate and comported with applicable standards of care and law.

5  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6  the Complaint.

7  74.    Defendants state that this paragraph of the Complaint contains legal contentions to

8  which no response is required.  To the extent that a response is deemed required, Defendants

9  admit that they had duties as are imposed by law but deny having breached such duties.

10  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

11  FDA-approved prescribing information.    Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  75.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information.  Defendants

20  state that the potential effects of Celebrex® were and are adequately described in its FDA-

21  approved prescribing information, which was at all times adequate and comported with

22  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23  remaining allegations in this paragraph of the Complaint, including all subparts.

24  76.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27  effective when used in accordance with its FDA-approved prescribing information.  Defendants

28  state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  approved prescribing information, which was at all times adequate and comported with

2  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

3  remaining allegations in this paragraph of the Complaint.

4  77.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9  the Complaint.

10  78.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  state that the potential effects of Celebrex® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

18  paragraph of the Complaint.

19  79.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

21  conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

22  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

23  the remaining allegations in this paragraph of the Complaint.

24  80.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

25  damage, and deny the remaining allegations in this paragraph of the Complaint.

26  81.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

27  damage, and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Second Cause of Action: Strict Liability**

82.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

4  remaining allegations in this paragraph of the Complaint, including all subparts.

5  87.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information.  Defendants

9  state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

13  remaining allegations in this paragraph of the Complaint.

14  88.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

19  remaining allegations in this paragraph of the Complaint.

20  89.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

27  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    90.    Defendants state that Celebrex® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6    the Complaint.

7    91.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Celebrex® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

14   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

15   paragraph of the Complaint.

16   92.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   93.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   state that the potential effects of Celebrex® were and are adequately described in its FDA-

27   approved prescribing information, which was at all times adequate and comported with

28   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

1    remaining allegations in this paragraph of the Complaint.

2    94.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    95.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    96.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8            **Response to Third Cause of Action: Breach of Express Warranty**

9    97.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

10   Complaint as if fully set forth herein.

11   98.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Celebrex® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants admit that they provided FDA-approved

18   prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

19   this paragraph of the Complaint.

20   99.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Celebrex® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants admit that they provided FDA-approved

27   prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

28   deny the remaining allegations in this paragraph of the Complaint, including all subparts.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   100.    Defendants admit that they provided FDA-approved prescribing information regarding

2   Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

3   paragraph of the Complaint.

4   101.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9   the Complaint.

10  102.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  103.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants admit that they provided FDA-approved prescribing information regarding

22  Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  104.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25  105.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

26  damage, and deny the remaining allegations in this paragraph of the Complaint.

27  106.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Fourth Cause of Action: Breach of Implied Warranty**

2    107.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

3    Complaint as if fully set forth herein.

4    108.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

6    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

7    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

8    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

9    Celebrex® in the United States to be prescribed by healthcare providers who are by law

10   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

11   the remaining allegations in this paragraph of the Complaint.

12   109.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants admit that they provided FDA-approved prescribing information regarding

17   Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18   110.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny the remaining allegations in this paragraph of the Complaint.

23   111.    Defendants state that this paragraph of the Complaint contains legal contentions to

24   which no response is required.  To the extent that a response is deemed required, Defendants

25   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

26   approved prescribing information.  Defendants state that the potential effects of Celebrex®

27   were and are adequately described in its FDA-approved prescribing information, which was at

28   all times adequate and comported with applicable standards of care and law.  Defendants deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    any wrongful conduct, deny that they breached any warranty, and deny the remaining

2    allegations in this paragraph of the Complaint.

3    112.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

6    medication which is approved by the FDA for the following indications: (1) for relief of the

7    signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

8    arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of

9    primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

10   adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

11   surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

12   signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

13   Defendants deny the remaining allegations in this paragraph of the Complaint.

14   113.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17   effective when used in accordance with its FDA-approved prescribing information.  Defendants

18   state that the potential effects of Celebrex® were and are adequately described in its FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law.  Defendants admit that they provided FDA-approved

21   prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

22   this paragraph of the Complaint.

23   114.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25   Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case,

26   Celebrex® was expected to reach users and consumers without substantial change from the

27   time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28   115.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3   effective when used in accordance with its FDA-approved prescribing information.  Defendants

4   state that the potential effects of Celebrex® were and are adequately described in its FDA-

5   approved prescribing information, which was at all times adequate and comported with

6   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

7   breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

8   116.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

9   damage, and deny the remaining allegations in this paragraph of the Complaint.

10  117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

11  damage, and deny the remaining allegations in this paragraph of the Complaint.

12  118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

15  119.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

16  Complaint as if fully set forth herein.

17  120.    Defendants state that this paragraph of the Complaint contains legal contentions to

18  which no response is required.  To the extent that a response is deemed required, Defendants

19  admit that they had duties as are imposed by law but deny having breached such duties.

20  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

21  FDA-approved prescribing information.   Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  121.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint, including all subparts.

4   122.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9   the Complaint.

10  123.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  state that the potential effects of Celebrex® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.   Defendants deny any wrongful conduct, deny that

17  Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

18  paragraph of the Complaint.

19  124.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  125.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

126. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

128. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

134.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

135.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

2    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

3    Celebrex® in the United States to be prescribed by healthcare providers who are by law

4    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

5    the remaining allegations in this paragraph of the Complaint.

6    136.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

9    paragraph of the Complaint.

10   137.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

13   paragraph of the Complaint.

14   138.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17   effective when used in accordance with its FDA-approved prescribing information.  Defendants

18   state that the potential effects of Celebrex® were and are adequately described in its FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

21   remaining allegations in this paragraph of the Complaint.

22   139.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   state that the potential effects of Celebrex® were and are adequately described in its FDA-

27   approved prescribing information, which was at all times adequate and comported with

28   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

1    remaining allegations in this paragraph of the Complaint.

2    140.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4                          **Response to Seventh Cause of Action:**

5              **State Consumer Fraud and Deceptive Trade Practices Act**

6    141.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

7    Complaint as if fully set forth herein.

8    142.    Defendants state that this paragraph of the Complaint contains legal contentions to

9    which no response is required.  To the extent that a response is deemed required, Defendants

10   admit that they had duties as are imposed by law but deny having breached such duties.

11   Defendants deny the remaining allegations in this paragraph of the Complaint.

12   143.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

14   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   144.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

22   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28   145.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-36-

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

2    same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3    146.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

5    same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   147.    Defendants state that this paragraph of the Complaint contains legal contentions to

12   which no response is required.  To the extent that a response is deemed required, Defendants

13   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

14   Complaint.

15   148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

16   damage, and deny the remaining allegations in this paragraph of the Complaint.

17   149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

18   damage, and deny the remaining allegations in this paragraph of the Complaint.

19   150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

20   damage, and deny the remaining allegations in this paragraph of the Complaint.

21   151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

22   damage, and deny the remaining allegations in this paragraph of the Complaint.

23   152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24   damage, and deny the remaining allegations in this paragraph of the Complaint.

25   **Response to Eighth Cause of Action:  State Suppliers Liability Statute**

26   153.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

27   Complaint as if fully set forth herein.

28   154.    Defendants are without knowledge or information sufficient to form a belief as to the

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2    Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

3    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

4    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

5    with their approval by the FDA.  Defendants admit that, during certain periods of time,

6    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

7    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

8    providers who are by law authorized to prescribe drugs in accordance with their approval by the

9    FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

10   consumers without substantial change from the time of sale.  Defendants deny the remaining

11   allegations in this paragraph of the Complaint.

12   155.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

17   dangerous, and deny the remaining allegations in this paragraph of the Complaint.

18   156.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

23   dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all

24   subparts.

25   157.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   state that the potential effects of Celebrex® were and are adequately described in its FDA-

2   approved prescribing information, which was at all times adequate and comported with

3   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

4   Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

5   remaining allegations in this paragraph of the Complaint.

6   158.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Celebrex® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

11  remaining allegations in this paragraph of the Complaint.

12  159.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

19  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

20  remaining allegations in this paragraph of the Complaint.

21  160.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  161.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information.  Defendants

3   state that the potential effects of Celebrex® were and are adequately described in its FDA-

4   approved prescribing information, which was at all times adequate and comported with

5   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6   remaining allegations in this paragraph of the Complaint.

7   162.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendants state that the potential effects of

9   Celebrex® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12  the Complaint.

13  163.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16  effective when used in accordance with its FDA-approved prescribing information.  Defendants

17  state that the potential effects of Celebrex® were and are adequately described in its FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20  remaining allegations in this paragraph of the Complaint.

21  164.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

22  damage, and deny the remaining allegations in this paragraph of the Complaint.

23  165.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25  166.    Defendants state that this paragraph of the Complaint contains legal contentions to

26  which no response is required.  To the extent that a response is deemed required, Defendants

27  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

28  the remaining allegations in this paragraph of the Complaint.

1    167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3                                **Response to Prayer For Relief**

4            Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

5    damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

6    Relief," including all subparts.

7                                          **III.**

8                                  **GENERAL DENIAL**

9            Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

10   Complaint that have not been previously admitted, denied, or explained.

11                                         **IV.**

12                             **AFFIRMATIVE DEFENSES**

13           Defendants reserve the right to rely upon any of the following or additional defenses to

14   claims asserted by Plaintiff to the extent that such defenses are supported by information

15   developed through discovery or evidence at trial.  Defendants affirmatively show that:

16                                  **First Defense**

17   1.     The Complaint fails to state a claim upon which relief can be granted.

18                                  **Second Defense**

19   2.     Celebrex® is a prescription medical product.  The federal government has preempted

20   the field of law applicable to the labeling and warning of prescription medical products.

21   Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

22   federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

23   which relief can be granted; such claims, if allowed, would conflict with applicable federal law

24   and violate the Supremacy Clause of the United States Constitution.

25                                  **Third Defense**

26   3.     At all relevant times, Defendants provided proper warnings, information and

27   instructions for the drug in accordance with generally recognized and prevailing standards in

28   existence at the time.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fourth Defense

2  4.     At all relevant times, Defendants' warnings and instructions with respect to the use of

3  Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

4  knowledge at the time the drug was manufactured, marketed and distributed.

5

### Fifth Defense

6  5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the

7  applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

8

### Sixth Defense

9  6.     Plaintiff's action is barred by the statute of repose.

10

### Seventh Defense

11  7.     Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

12  negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by

13  Plaintiff should be diminished accordingly.

14

### Eighth Defense

15  8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or

16  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

17  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

18  liable in any way.

19

### Ninth Defense

20  9.     The acts and/or omissions of unrelated third parties as alleged constituted independent,

21  intervening causes for which Defendants cannot be liable.

22

### Tenth Defense

23  10.     Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were

24  proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

25  of God.

26

### Eleventh Defense

27  11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

28

1

**Twelfth Defense**

2    12.    A manufacturer has no duty to warn patients or the general public of any risk,

3    contraindication, or adverse effect associated with the use of a prescription medical product.

4    Rather, the law requires that all such warnings and appropriate information be given to the

5    prescribing physician and the medical profession, which act as a "learned intermediary" in

6    determining the use of the product.  Celebrex® is a prescription medical product, available only

7    on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

8    treating and prescribing physicians.

9

**Thirteenth Defense**

10    13.    The product at issue was not in a defective condition or unreasonably dangerous at the

11    time it left the control of the manufacturer or seller.

12

**Fourteenth Defense**

13    14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

14    for its intended use and the warnings and instructions accompanying Celebrex® at the time of

15    the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

16

**Fifteenth Defense**

17    15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

18    Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable

19    standard of care.

20

**Sixteenth Defense**

21    16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of

22    the product Celebrex® after the product left the control of Defendants and any liability of

23    Defendants is therefore barred.

24

**Seventeenth Defense**

25    17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

26    Defendants.

27

**Eighteenth Defense**

28    18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  conditions unrelated to Celebrex®.

2  **Nineteenth Defense**

3  19.    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore,

4  the doctrine of assumption of the risk bars or diminishes any recovery.

5  **Twentieth Defense**

6  20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

7  preempted in accordance with the Supremacy Clause of the United States Constitution and by

8  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

9  **Twenty-first Defense**

10  21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

11  the subject pharmaceutical product at issue was subject to and received pre-market approval by

12  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

13  **Twenty-second Defense**

14  22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

15  Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

16  and Plaintiff's causes of action are preempted.

17  **Twenty-third Defense**

18  23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

19  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

20  issue under applicable federal laws, regulations, and rules.

21  **Twenty-fourth Defense**

22  24.    Plaintiff's claims are barred in whole or in part because there is no private right of

23  action concerning matters regulated by the Food and Drug Administration under applicable

24  federal laws, regulations, and rules.

25  **Twenty-fifth Defense**

26  25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

27  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

28  of Comment j to Section 402A of the Restatement (Second) of Torts.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Twenty-sixth Defense**

2    26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

3    because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

4    Restatement (Second) of Torts § 402A, Comment k.

5    **Twenty-seventh Defense**

6    27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

7    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

8    to § 6 of the Restatement (Third) of Torts: Products Liability.

9    **Twenty-eighth Defense**

10    28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

11    Products Liability.

12    **Twenty-ninth Defense**

13    29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

14    facts sufficient under the law to justify an award of punitive damages.

15    **Thirtieth Defense**

16    30.    Defendants affirmatively aver that the imposition of punitive damages in this case

17    would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

18    the United States Constitution, Article 2, § 8 of the Constitution of the State of Arkansas, and

19    the Constitution of the State of California, and would additionally violate Defendants' rights to

20    substantive due process under the Fourteenth Amendment of the United States Constitution.

21    **Thirty-first Defense**

22    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

23    Fourteenth Amendments to the United States Constitution.

24    **Thirty-second Defense**

25    32.    The imposition of punitive damages in this case would violate the First Amendment to

26    the United States Constitution.

27    **Thirty-third Defense**

28    33.    Plaintiff's punitive damage claims are preempted by federal law.

-45-

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.     Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Arkansas and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages;

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

(3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Forty-second Defense**

2    42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

3    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

4    intended, and was distributed with adequate and sufficient warnings.

5    **Forty-third Defense**

6    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

7    waiver, and/or estoppel.

8    **Forty-fourth Defense**

9    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

10    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

11    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

12    independent of or far removed from Defendants' conduct.

13    **Forty-fifth Defense**

14    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

15    did not proximately cause injuries or damages to Plaintiff.

16    **Forty-sixth Defense**

17    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

18    did not incur any ascertainable loss as a result of Defendants' conduct.

19    **Forty-seventh Defense**

20    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

21    manufacturing, labeling, packaging, and any advertising of the product complied with the

22    applicable codes, standards and regulations established, adopted, promulgated or approved by

23    any applicable regulatory body, including but not limited to the United States, any state, and

24    any agency thereof.

25    **Forty-eighth Defense**

26    48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the

27    product labeling contained the information that Plaintiff contends should have been provided.

28

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

2    **Fifty-fifth Defense**

3    55.    Defendants state on information and belief that the Complaint and each purported cause

4    of action contained therein is barred by the statutes of limitations contained in California Code

5    of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

6    as may apply.

7    **Fifty-sixth Defense**

8    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

9    by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

10   conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

11   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

12   **Fifty-seventh Defense**

13   57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

14   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

15   Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

16   damages is also barred under California Civil Code § 3294(b).

17   **Fifty-eighth Defense**

18   58.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of

19   timely notice, lack of privity, and because the alleged warranties were excluded and/or

20   disclaimed.

21   **Fifty-ninth Defense**

22   59.    Plaintiff's claims are barred and/or limited by the provisions of the Arkansas Products

23   Liability Act, Ark. Code Ann. § 16-116-101, et seq.

24   **Sixtieth Defense**

25   60.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Arkansas

26   Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

27

28

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Sixty-first Defense**

2    61.    Defendants reserve the right to supplement their assertion of defenses as they continue

3    with their factual investigation of Plaintiff's claims.

4

**V.**

5

**PRAYER**

6    WHEREFORE, Defendants pray for judgment as follows:

7    1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

8    2.    That the Complaint be dismissed;

9    3.    That Defendants be awarded their costs for this lawsuit;

10    4.    That the trier of fact determine what percentage of the combined fault or other liability

11         of all persons whose fault or other liability proximately caused Plaintiff's alleged

12         injuries, losses or damages is attributable to each person;

13    5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater

14         than an amount which equals their proportionate share, if any, of the total fault or other

15         liability which proximately caused Plaintiff's injuries and damages; and

16    6.    That Defendants have such other and further relief as the Court deems appropriate.

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1 | September 18, 2007

GORDON & REES LLP

2

3

By: :_____/s/_____
Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone:  (415) 986-5900
Fax:  (415) 986-8054

4

5

6

7

8 | September 18, 2007

TUCKER ELLIS & WEST LLP

9

10

By: :_____/s/_____
Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone:  (213) 430-3400
Fax:  (213) 430-3409

11

12

13

14

Attorneys for Defendants
PFIZER INC, PHARMACIA
CORPORATION, and G.D. SEARLE
LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees,LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-52-

1

### JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   September 18, 2007                              GORDON & REES LLP

6

7                                                   By: :_____/s/_____
                                                        Stuart M. Gordon
8                                                       sgordon@gordonrees.com
                                                        Embarcadero Center West
9                                                       275 Battery Street, 20th Floor
                                                        San Francisco, CA  94111
10                                                      Telephone:  (415) 986-5900
                                                        Fax:  (415) 986-8054
11

12  September 18, 2007                              TUCKER ELLIS & WEST LLP

13

14                                                  By: :_____/s/_____
                                                        Michael C. Zellers
15                                                      michael.zellers@tuckerellis.com
                                                        515 South Flower Street, Suite 4200
16                                                      Los Angeles, CA 90071
                                                        Telephone:  (213) 430-3400
17                                                      Fax:  (213) 430-3409

18                                                      Attorneys for Defendants
                                                        PFIZER INC, PHARMACIA
19                                                      CORPORATION, and G.D. SEARLE
                                                        LLC
20

21

22

23

24

25

26

27

28

*Gordon & Rees,LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

ANSWER TO COMPLAINT – 3:07-cv-02630-CRB